DARRAGH *v.* ROSS.

*(Supreme Court, General Term, Second Department.   December 10, 1889.)*

1. PAROL EVIDENCE TO VARY WRITINGS.
Parol evidence that more was received on a mortgage than its face, and less on a check than its face, is not objectionable as varying written instruments.

2. WITNESS—IMPEACHMENT.
Plaintiff may contradict the statement of a witness for defendant, even though such statement is made on plaintiff's cross-examination of the witness.

**3. MONEY HAD AND RECEIVED.**

One who receives money of another for a specific purpose, to which he does not apply it, but keeps it, is liable to the owner.

Appeal from circuit court, Queens county.

Action by Annie F. Darragh against Reuben Ross. The witness Vernam, referred to in the opinion, was called for defendant, and testified, on cross-examination by plaintiff, that he acted for the latter, in certain transactions, with her authority. Plaintiff afterwards showed by a witness for herself that Vernam had no authority from her. Verdict and judgment for plaintiff, defendant's motion for new trial denied, and he appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Rudd & Hunt,* (*James M. Hunt,* of counsel,) for appellant. *S. E. Fair-field,* for respondent.

BARNARD, P. J. This action is brought to recover for money had and received by the defendant for plaintiff's use. The amount claimed is made up of four different sums, amounting to $11,515, upon which a payment is acknowledged in the complaint of $4,000, leaving a balance of $7,515. The answer is a general denial and payment. The evidence shows that the plaintiff was the owner of land at Rockaway, and she sold a part of it to Bester and Mayer, and another portion to a Mr. Scheer. The Bester and Mayer sale required the payment of a $1,700 mortgage on the property to give them a clear title. The plaintiff testifies that she gave the money to defendant to pay this mortgage, and that he failed to do it, and she was compelled to, and did, pay it out of the $10,000, which was the purchase price of the property sold Bester and Mayer. The amount due on the mortgage was $1,700, and that defendant received $1,700 therefor, which he applied to his own use. There was a bond and mortgage for $7,000 given plaintiff on the Bester and Mayer sale. This mortgage was assigned to John Ross, defendant's brother, and by him assigned to John Webb. Over $8,000 was received on this mortgage while only $4,000 had been paid plaintiff on it, and the assignment was made to secure this $4,000. The plaintiff claims only $3,000 had been loaned on it. As to the first of these items, the parties are in direct variance, and as to the second item the defendant claims that John Ross was the real assignee of the mortgage, and made the loan of $4,000. There is proof tending to show that the real party was Reuben Ross, and his brother's name was merely a cover. The plaintiff claims that $1,000 was paid by defendant on account of this assignment subsequently, and that the $4,000 payment was made up in this way. There is the same dispute in respect to the $600 mortgage growing out of the Mayer and Bester sale. As to the two transactions growing out of the sale to Scheer, the same unaccountable variance exists between the parties in this evidence. The plaintiff says that defendant secured $1,000 and $700 out of the moneys secured on the sale. The defendant says he secured the $1,000 mortgage for the plaintiff's husband's debts, and he produced a receipt, signed by the plaintiff, acknowledging the receipt of the money. The judge charged the jury that this transaction was clear and clean, and, further, that as to the $700 no reason appeared why this sum was paid to the defendant. Under this conflicting evidence the jury found for the plaintiff, $3,200. Unless some error was committed on the trial, it is a case where the verdict of the jury should stand. The tribunal to settle questions of fact has passed upon the case, where the dispute is unusually sharp, and one party or the other mistaken in their testimony. The fact that the papers support the defendant is not controlling. Papers do not always represent the real transaction, and the jury have found that they did not in this case.

It is not erroneous to permit a witness to testify that the defendant admitted that he had received more than the face of the $7,000 mortgage, and that he had collected a little more than he had a right to collect. It was also

proper to permit evidence that less was received on a check than its face called for, or even that nothing had been received for it. The exception, therefore, is not sustained by the principle that such evidence is objectionable for varying a written paper.

It is competent for the plaintiff to prove that the witness Vernam had no authority from her, even if he had stated that he had, upon his own cross-examination.

It was a correct rule of law which was given in the portion of the charge excepted to by the defendant. It is merely that if the defendant received plaintiff's money for a specific purpose, and kept the same without applying it, he would be liable to plaintiff.

There was no error in the refusal to postpone the trial. The question of the agency of the plaintiff's husband to receive payments on account of his wife's business in the matter involved in this action was not an issue. Payments to him, if made, were treated as payments to her; and proof of his power to receive is abundant. The judge made no allusion to such a question, and the plaintiff testifies: "My husband did all the business." The question being one purely of fact, and the record disclosing no error upon the trial or in the charge of the trial judge, the judgment should be affirmed, with costs. All concur.